### GRANT et ux. v. UNITED STATES.
### No. 7206.

Circuit Court of Appeals, Fifth Circuit.
Dec. 19, 1934.

Rehearing Denied Jan. 11, 1935.

Alfred M. Scott, of Lubbock, Tex., for appellants.

Young M. Smith, Atty., Dept. of Justice, of Washington, D. C., and Frank B. Potter, Asst. U. S. Atty., of Fort Worth, Tex., for the United States.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judges.

Grant, by his wife as his next friend, in 1931 brought suit on a policy of war risk insurance on which no premiums have been proven paid since his discharge from the Army, May 28, 1918, the claim being that from January, 1928, to the present time he has been totally and permanently disabled because of dementia præcox, simple type. A verdict was directed for the United States, and this in various forms is assigned as error.

There is a claim that because of erroneous deductions made from Grant's pay the policy did not lapse until several months after his discharge, but our decision would be the same whether the lapse occurred in 1918 or 1919. Compensation was not granted him, but was refused, so that no premium credit can be taken from that source.

We have the more carefully examined the voluminous evidence because of the nature of the disability claimed. It would serve no useful purpose to discuss it in detail. We do not think it shows that Grant was totally disabled when his policy lapsed, or that he continued to be. In the fall of 1917 he was transferred to a new company in the service which he did not like. After a dispute with his sergeant he went home for Christmas without leave, and repeated such absences several times afterwards, usually returning voluntarily. He was, however, court martialed, but escaped from confinement and was charged with desertion. It was determined that his conduct was due to dementia præcox, simple type. The charges against him were withdrawn, and he was discharged from the Army as unfit for service with a rating of one-fourth disabled. He went to work promptly, having many jobs of various kinds and duration, with some idleness, but he made enough to support himself. He became at length a restaurant cook, earning about $35 per week, when in September, 1924, he met his wife. They were married in February, 1925. She then ceased almost wholly from work, and, with two children who were born, was supported by him with slight help from his people until the fall of 1929, when she returned regularly to work. He has since not earned a living. He has never been violent or vicious, or in any court trouble. In a long examination as a witness in this case he showed remarkable memory and no lack of reasonableness. The worst to be said of his present condition,

which has been growing slowly worse, is that he is undependable, and somewhat irascible and visionary. He has never been adjudged insane nor treated as an insane person. Until 1929 he seemed usually to get work when he wanted it, and to work with sufficient continuity to make a support as stated, although he would abandon some jobs without reason and some employers became impatient of his ways. Undoubtedly he has had the ailment attributed to him since January, 1918, but certainly up to 1930 he cannot be said to have been totally disabled thereby. Doctors who never saw him before 1930 thought he had dementia præcox, and that he must have been unable to follow continuously a substantially gainful occupation, but this opinion must yield on the latter point to the facts. Hamilton v. United States (C. C. A.) 73 F.(2d) 357. They say that, while worry is harmful in such cases, work is not, but is calculated to be beneficial. What Grant did makes it clear that at no time before the lapse of his policy could he rightly have said to the United States: "Pay me. I can no longer make a living." A reasonable verdict could not have been rendered for the plaintiff.

Judgment affirmed.